# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHARIF WILLIAMSON, | : |
| Plaintiff, | : |
| | : CIVIL NO. 3:12-CV-02460 |
| v. | : |
| | : (Judge Mariani) |
| WARDEN DAVID VARANO, et al., | : |
| Defendants. | : |

## MEMORANDUM

## I. Introduction

Plaintiff Sharif Williamson ("Plaintiff" or "Williamson"), an inmate currently confined at the State Correctional Institution in Coal Township, Pennsylvania ("SCI-Coal Township"), initiated the above action *pro se* by filing a civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). For the reasons discussed below, Plaintiff's Complaint will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## II. Procedural Background

On December 10, 2012, Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 alleging violations of his First and Fourteenth Amendment rights. (Doc. 1). Specifically, Plaintiff alleges that when he was housed in a psychiatric observation cell ("POC")[1] in the

---

[1]According to Defendants:

A Psychiatric Observation Cell (POC) is "a cell located in the Infirmary area of the facility that is used to hold inmates who are mentally decompensating to the point where they are considered a danger to themselves, other inmates, and/or property. These cells provide a means of restraining

medical department Defendants failed to provide him with his legal mail, resulting in his Post Conviction Petition being dismissed as time barred. (*Id.*). Plaintiff alleges that he "used the prison grievance procedure available at SCI-Coal coordinator (sic) to try to solve the problem. On November 19, [2012], Plaintiff name Sharif (sic) was sent a response that the grievance had been denied. On December 5, [2012], he appealed the denial of the grievance." (*Id.* at ¶ 11). Plaintiff named the following Defendants in their individual and official capacities: David Varano, Warden; A. Luscavage, Deputy Superintendent, T. Kelly, Grievance Coordinator; Stetler, Captain of Security; and Defendant Kaskie, Head Psychiatrist. (*Id.* at ¶¶ 4-8).

On April 23, 2013, Defendants Varano, Luscavage, Kelley, and Stetler filed a Motion to Dismiss. (Doc. 17). On the same day, Defendant Kaskie also filed a motion to dismiss and a motion to stay discovery. (Docs. 18, 19). On April 29, 2013, Magistrate Judge Martin Carlson granted Defendant Kaskie's motion to stay discovery. (Doc. 21). On May 7, 2013, Defendants each filed their briefs in support. (Docs, 27, 28). Plaintiff's opposition was due fourteen (14) days after service of Defendants' brief, or by May 21, 2013.[2] *See* Middle

---

the inmate, if necessary, and allow for constant supervision of the inmate to be maintained in order to treat the inmate." Department Policy 13.8.1, Access to Mental Health Care, Glossary, pertinent definition attached in Appendix as "Exhibit A." The Department's Policies are available on its web site: <http://www.cor.state.pa.us>.

(Doc. 27, fn. 1).

[2] The Court notes that in its Order issued August 29, 2013, it inadvertently miscalculated the date Plaintiff's opposition brief was due. Plaintiff's opposition brief was in fact due on May 21, 2013, not May 7, 2013. However, Plaintiff failed to file a brief in opposition under the correctly calculated date and has failed to file a brief in opposition for nearly six (6) months. Thus, this inadvertent miscalculation is not critical in

2

District of Pennsylvania Local Rule 7.6. Plaintiff failed to file an opposition brief. On August 29, 2013, we issued an order directing Plaintiff to file his opposition brief on or before September 12, 2013. (Doc. 31). To date, Plaintiff has neither filed his opposition brief nor requested an extension of time in which to do so.[3]

## III. Discussion

### A. Under the Rules of this Court the Motion to Dismiss Should be Deemed Unopposed and Granted

Local Rule 7.6 states:

> [a]ny party opposing any motion, other than a motion for summary judgment, shall file a brief in opposition within fourteen (14) days after service of the movant's brief, or, if a brief in support of the motion is not required under these rules, within seven (7) days after service of the motion. Any party who fails to comply with this rule shall be deemed not to oppose such motion.

Middle District of Pennsylvania Local Rule 7.6.

It is now well-settled that "Local Rule 7.6 can be applied to grant a motion to dismiss without analysis of the complaint's sufficiency 'if a party fails to comply with the [R]ule after a specific direction to comply from the court.' *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (1991)." *Williams v. Lebanon Farms Disposal, Inc.*, 2010 U.S. Dist. LEXIS 102436, *1 (M.D. Pa. 2010).

---

deciding that Plaintiff ultimately failed to file any brief in opposition to the motion to dismiss, let alone a timely brief in opposition.

[3] On April 30, 2013, Plaintiff filed a Notice of Appeal with the United Court of Appeals for the Third Circuit. (Doc. 22). On August 20, 2013, the Third Circuit dismissed Plaintiff's appeal for lack of jurisdiction. (Doc. 30).

Defendants filed their briefs in support of their motions to dismiss on May 7, 2013. (Docs. 27, 28). Plaintiff failed to file a brief in opposition in a timely manner. In our Order dated August 29, 2013, we explained that Plaintiff's failure to file his opposition as directed within the required time will result in Defendants' Motion being deemed unopposed and addressed on the merits. (Doc. 31). To date, Plaintiff has not filed a brief in opposition nor has he requested an extension of time in which to do so. In addition, the Court performed a search for Plaintiff on the VINELink website, which provides the custody status of inmates in Pennsylvania correctional facilities through Pennsylvania's automated victim notification system, PA SAVIN. The search revealed the Plaintiff is still currently confined at SCI Coal Township and the Docket Sheet shows that he has been sent the filings in this case at his current address.[4] As such, Defendants motions to dismiss are deemed unopposed.

## B.     Dismissal under Rule 41 of the Federal Rules of Civil Procedure

Beyond the requirements imposed by the Local Rules of this Court, Rule 41(b) of the Federal Rules of Civil Procedure states that: "If the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. Civ. P. R. 41(b). Further, the rule permits *sua sponte* dismissal by the court. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *Hewlett v. Davis*, 844 F.2d 109, 114 (3d Cir. 1988). In determining whether to exercise its discretion to dismiss as a sanction for failure to prosecute and failure to comply with court orders, a district court must

---

[4] See VINELink, Pennsylvania SAVIN, available at

4

balance the six factors set forth in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1994). These six factors are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 221 (3d Cir. 2003); *see also Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 873-78 (3d Cir. 1994)(applying *Poulis* factors to dismissal under Rule 41(b)). The court must consider all six factors. *Ware*, 322 F.3d at 221-22; *United States v. $8,221,877.16 in United States Currency*, 330 F.3d 141, 162 (3d Cir. 2003).

1. **Analysis of the *Poulis* Factors**

a. **The Extent of the Party's Personal Responsibility**

A *pro se* plaintiff is responsible for his failure to comply with a court's orders. *Emerson v. Thiel College*, 296 F.3d 184, 191 (3d Cir. 2002). When Plaintiff filed this action, a Standing Practice Order was issued advising him of his briefing and litigation responsibilities, including Local Rule 7.6. (Doc. 2). The Court further gave Plaintiff an additional chance to respond to Defendants' motions to dismiss. (*See* Doc. 31). Based

---

https://www.vinelink.com/vinelink/initSearchForm.do?searchType=offender&siteId=39000.

5

upon these facts, the Court can only conclude that Plaintiff is personally responsible for failing to comply with the Standing Practice Order and our August 29, 2013 Order.

### b. The Prejudice to the Adversary

"Evidence of prejudice to an adversary would bear substantial weight in support of a dismissal or default judgment." *Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund*, 29 F.3d at 873-74 (internal quotations and citations omitted.) Generally, prejudice includes "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories or the excessive and possibly irremediable burdens or costs imposed on the opposing party." *Id.* at 874. In the present case, Plaintiff's failure to respond to Defendants' motions to dismiss can clearly be said to result in some prejudice to Defendants. Defendants filed their briefs in support of their motions to dismiss on May 7, 2013, almost six (6) months ago. In light of the procedural status of this case, Defendants are prejudiced in that they have no means of moving this case toward resolution based upon Plaintiff's failure to cooperate.

### c. A History of Dilatoriness

"Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." *Adams*, 29 F.3d at 874; *see also Ware*, 322 F.3d at 222 (finding that a history of dilatory conduct existed because the plaintiffs "failed repeatedly" to provide a damages calculation for the defendant); *Emerson*, 296 F.3d at 191 (finding that a history of

6

dilatory conduct existed because the "procedural history of this case reflects continuous dilatoriness" as demonstrated by plaintiff's multiple requests for stays and failure to comply with multiple deadlines). In reviewing the docket in this action, the Court notes that Plaintiff initially failed to respond to the Defendants' motions to dismiss. Plaintiff further failed to comply with our August 29, 2013 Order directing Plaintiff to file a response to the Defendants' motions to dismiss. As such, Plaintiff has shown a history of dilatoriness.

### d. Whether the Conduct was Willful or in Bad Faith?

Under this factor, the Court must consider whether the conduct was "the type of willful or contumacious behavior which was characterized as flagrant bad faith." *Adams*, 29 F.3d at 875 (internal quotation marks and citation omitted). Generally, "[w]illfulness involves intentional or self-serving behavior." *Id.*; *see also Emerson*, 296 F.3d at 191 (finding bad faith because the conduct went beyond mere negligence). In light of the fact that it appears that Plaintiff has failed to respond to Defendants' motions to dismiss and our Court Order directing a response, and the fact that he has had no contact with the Court since he filed a request for production of documents on May 7, 2013, (Doc. 26), it can only be concluded that he demonstrates a willful disregard for procedural rules and court directives.

### e. Effectiveness of Sanctions

Ordinarily, the court must consider the availability of sanctions alternative to dismissal. *Poulis*, 747 F.2d at 869. However, where a plaintiff is proceeding *pro se*, and moreover, is proceeding *in forma pauperis*, as is the case here, it has been found that no

alternative sanctions exist because monetary sanctions, including attorney's fees, "would not be an effective alternative." *Emerson*, 296 F.3d at 191. Under the instant circumstances where the Court is faced with the complete lack of cooperation on the part of the individual who brought the action, the only appropriate sanction is dismissal. Otherwise the case might well remain indefinitely on the Court's docket.

### f. Meritoriousness of the Claim

It is difficult to assess the meritoriousness of Plaintiff's claims at this early stage. In this case, all Defendants seek dismissal of the complaint on several grounds, one of which is the failure of Plaintiff to exhaust his available administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), no action shall be brought with respect to prison conditions under section 1983 or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. A prisoner must exhaust administrative remedies as to any claim that arises in the prison setting, regardless of any limitations on the kind of relief that may be gained through the grievance process. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[I]t is beyond the power ... of any ... [court] to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis." *Nyhuis v. Reno*, 204 F.3d 65, 73 (3d Cir. 2000)(*quoting Beeson v. Fishkill Corr. Facility*, 28 F. Supp. 2d 884, 894-95 (S.D.N.Y. 1998). Proper exhaustion is also required prior to commencing any suit in federal court. *Woodford v. Ngo*, 548 U.S. 81, 92 , 126 S.

Ct. 2378, 165 L. Ed. 2d 368 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91. Failure to substantially comply with procedural requirements of the applicable prison's grievance system will result in a procedural default of the claim. *Spruill v. Gillis*, 372 F.3d 218, 227-32 (3d Cir. 2004).

Pursuant to 37 Pa. Code § 93.9, the Pennsylvania Department of Corrections maintains a grievance system, Department Policy DC-ADM 804 ("Inmate Grievance System"), that establishes procedures for review of inmate grievances and consists of a three-step process. The three-step process requires an inmate to first file an initial grievance in writing; if dissatisfied with the initial review provided, the inmate must then appeal to the Superintendent; then a final appeal must be made to the Secretary's Office of Inmate Grievances and Appeals for final review. *Booth v. Churner*, 206 F.3d 289, 293 n. 2 (3d Cir. 2000).

In the instant case, Plaintiff concedes that there was a grievance procedure available to him. (Doc. 1). Plaintiff explains that he filed a grievance on November 19, 2012, but that the grievance was denied. (*Id.* at ¶ 11). Plaintiff then explains that he appealed the denial of the grievance. (*Id.*). However, Plaintiff does not state whether he pursued his grievance through the final appeal step of the grievance process. As such, it appears that Plaintiff most likely failed to exhaust his administrative remedies and would not be successful with

9

respect to his Complaint. Further, Plaintiff has failed to file his opposition brief rendering Defendants' motions to dismiss unopposed.

## 2. Balancing of the *Poulis* Factors

In balancing the *Poulis* factors, the Third Circuit has explained that "no single *Poulis* factor is dispositive," and "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint." *Ware*, 322 F.3d at 222; *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). There is no "magic formula" to determine how the *Poulis* factors should be balanced, and the determination is within the district court's discretion. *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008). In this case, most of the *Poulis* factors support dismissal. Plaintiff's failure to respond to Defendants' motions and to comply with Court orders warrants dismissal pursuant to Federal rule of Civil Procedure 41(b).

This decision is not made lightly or perfunctorily. But the record fairly shows Plaintiff has chosen not to participate in the process which would allow his claims to proceed to a disposition on their merits and, instead, has chosen to ignore the rules of this Court and the prior Orders issued in this case.

## IV. Conclusion

For the reasons discussed above, Plaintiff's case will be dismissed. An appropriate order follows.

Robert D. Mariani
United States District Judge