IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHARIF WILLIAMSON, :
:
Plaintiff, :
: CIVIL NO. 3:12-CV-02460
v. :
: (Judge Mariani)
WARDEN DAVID VARANO, et al., :
:
Defendants. :

## MEMORANDUM

### I.  Introduction

Plaintiff Sharif Williamson ("Plaintiff" or "Williamson"), an inmate currently confined at the State Correctional Institution in Coal Township, Pennsylvania ("SCI-Coal Township"), initiated the above action *pro se* by filing a civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). On October 31, 2013, this Court issued an order dismissing Plaintiff's Complaint pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. On November 18, 2013, Plaintiff filed a motion for reconsideration of our order. (Doc. 34).

### II.  Procedural Background

On December 10, 2012, Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 alleging violations of his First and Fourteenth Amendment rights. (Doc. 1). Specifically,

Plaintiff alleges that when he was housed in a psychiatric observation cell ("POC")[1] in the medical department Defendants failed to provide him with his legal mail, resulting in his Post Conviction Petition being dismissed as time barred. (*Id.*). Plaintiff alleges that he "used the prison grievance procedure available at SCI-Coal coordinator (sic) to try to solve the problem. On November 19, [2012], Plaintiff name Sharif (sic) was sent a response that the grievance had been denied. On December 5, [2012], he appealed the denial of the grievance." (*Id.* at ¶ 11). Plaintiff named the following Defendants in their individual and official capacities: David Varano, Warden; A. Luscavage, Deputy Superintendent, T. Kelly, Grievance Coordinator; Stetler, Captain of Security; and Defendant Kaskie, Head Psychiatrist. (*Id.* at ¶¶ 4-8).

On April 23, 2013, Defendants Varano, Luscavage, Kelley, and Stetler filed a Motion to Dismiss. (Doc. 17). On the same day, Defendant Kaskie also filed a motion to dismiss and a motion to stay discovery. (Docs. 18, 19). On April 29, 2013, Magistrate Judge Martin Carlson granted Defendant Kaskie's motion to stay discovery. (Doc. 21). On May 7, 2013, Defendants each filed their briefs in support. (Docs, 27, 28). Plaintiff's opposition was due

---

[1]According to Defendants:

A Psychiatric Observation Cell (POC) is "a cell located in the Infirmary area of the facility that is used to hold inmates who are mentally decompensating to the point where they are considered a danger to themselves, other inmates, and/or property. These cells provide a means of restraining the inmate, if necessary, and allow for constant supervision of the inmate to be maintained in order to treat the inmate." Department Policy 13.8.1, Access to Mental Health Care, Glossary, pertinent definition attached in Appendix as "Exhibit A." The Department's Policies are available on its web site: <http://www.cor.state.pa.us>.

(Doc. 27, fn. 1).

2

fourteen (14) days after service of Defendants' brief, or by May 21, 2013. *See* Middle District of Pennsylvania Local Rule 7.6. Plaintiff failed to file an opposition brief. On August 29, 2013, we issued an order directing Plaintiff to file his opposition brief on or before September 12, 2013.[2] (Doc. 31). Due to Plaintiff's failure to file his opposition brief or request an extension of time in which to do so, this Court deemed Defendants' motions to dismiss unopposed and ultimately dismissed the Complaint pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

On November 18, 2013, Plaintiff filed a motion for reconsideration. (Doc. 34). In his motion for reconsideration, he argues that he was never served with a copy of this Court's Order directing him to file a response to the motion to dismiss. (*Id.*). Plaintiff specifically explains,

> Plaintiff was never served with notice of the of the District Court's date order ? Because Plaintiff is not a registered ECF user, any service upon him had to be made in person or by United States Mail. The District Court have developed a practice of copying ECF users on it's orders. In choosing to issue it ? order as a [Electronic] filing entry, however the District Court passed the procedures typically used to assure service by mail.

(sic) (*Id.* at 1).

### III. Standard of Review

A motion for reconsideration is a mechanism "to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d

---

[2] On April 30, 2013, Plaintiff filed a Notice of Appeal with the United Court of Appeals for the Third Circuit. (Doc. 22). On August 20, 2013, the Third Circuit dismissed Plaintiff's appeal for lack of jurisdiction. (Doc. 30).

3

Cir.1985). A motion for reconsideration is generally permitted only upon the basis of three grounds: (1) there is an intervening change in the controlling law; (2) new evidence becomes available; or (3) clear error of law or to prevent manifest injustice. *See Max's Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999) (*citing North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir.1995)).

## IV. Discussion

In his motion for reconsideration, Plaintiff complains that he never received our August 29, 2013 order directing Plaintiff to respond to the Defendants' motions to dismiss. (Doc. 34). Despite Williamson's claims to the contrary, a review of the docket sheet shows that our order directing Plaintiff to file his opposition brief was not served on Plaintiff electronically, but was instead mailed to Plaintiff at his current address. (*See* Docket 3:12-cv-2460). As such, Plaintiff's argument that service was not made on him by mail is not persuasive. Further, even if Plaintiff failed to receive our order directing Plaintiff to file his opposition brief, the docket sheet also shows, and Plaintiff does not dispute, that he received the Defendants' motions to dismiss (Docs. 17, 18) and their briefs in support (Docs. 27, 28). Additionally, Plaintiff received a copy of our Standing Practice Order. (Doc. 2). In our Standing Practice Order, Plaintiff was informed of his responsibilities as a litigant, including the requirements for opposing motions. (*Id.*).

Plaintiff's argument in his motion does not form an appropriate basis for a motion for reconsideration. As such, we will deny the motion for reconsideration.

Robert D. Mariani
United States District Judge